### Javier Ygnacio HUARINGA SEGURA, Petitioner,

v.

### Alberto R. GONZALES, United States Attorney General, Respondent.

#### No. 04–71334.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006 *.

Filed Dec. 4, 2006.

Suzanne B. Friedman, Esq., Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Mary Reed, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: HUG and McKEOWN, Circuit Judges, and MOSKOWITZ **, District Judge.

### MEMORANDUM ***

Javier Ygnacio Huaringa Segura, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, protection under the Convention Against Torture and, in the alternative, voluntary departure. The BIA, in a brief per curiam opinion, affirmed the IJ's decision "including the Immigration Judge's findings regarding the credibility of the witnesses who appeared before him" and cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874, 1994 WL 520994 (BIA 1994). Where, as here, the BIA has reviewed the IJ's decision and incorporated it as its own, we treat the IJ's decision as the BIA's. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002); *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996).

Segura challenges the BIA's decision to the extent that it upheld the IJ's denial of asylum based upon an adverse credibility determination. The IJ/BIA's factual findings are reviewed for substantial evidence. *Molina–Estrada*, 293 F.3d at 1093. Segura contends that substantial evidence does not support the IJ/BIA's adverse credibility determination, which was based upon Segura's vague and implausible testimony, inconsistencies between his testimony at the merits hearing and his testimony before an asylum officer, and his failure to submit sufficient corroborating evidence. However, the evidence in the record is more than sufficient to support an adverse credibility determination. In particular, the inconsistencies between Segura's testimony at the merits hearing and his testimony before the asylum officer were substantial and on material issues relating to his asylum claim. Thus, substantial evidence supports the IJ/BIA's conclusion that Segura failed to provide credible testimony in support of his application.

**PETITION DENIED.**

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.